

# United States Tax Court
Washington, DC 20217

Damian Peter Daly & Jeanne Daly, ET
AL.,

      Petitioners

      v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent

Docket Nos. 23070-19S,
7787-20S.

## ORDER OF SERVICE OF TRANSCRIPT

Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner and respondent a copy of the pages of the transcript in the above case before Judge Richard T. Morrison, at Los Angeles, California, on May 19, 2022, containing his oral findings of fact and opinion rendered at the conclusion of trial.

In accordance with the oral findings of fact and opinion, a decision will be entered for each case.

**(Signed) Richard T. Morrison**
**Judge**

**Served 07/11/22**

Bench Opinion by Judge Richard T. Morrison

May 19, 2022

Damian Peter Daly & Jeanne Daly Et al v. Commissioner

Docket No. 23070-19S, 7787-20S

THE COURT: The Court has decided to render oral findings of fact and opinion in this case, and the following represents the Court's oral findings of fact and opinion. The oral findings of fact and opinion shall not be relied on as precedent in any other case.

Unless otherwise indicated, all references to sections are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure. This bench opinion is made pursuant to the authority granted by section 7459(b) and Rule 152.

The respondent, or the IRS, mailed the petitioners, Damian Peter Daly and Jeanne Daly, notices of deficiency for both 2016 and 2017. The notices determined a $6,768 deficiency for 2016, a section 6662 penalty of $1,306 for 2016, a $9,707 deficiency for 2017, and a section 6662 penalty of $1,921 for 2017. The Dalys filed timely petitions for redetermination of the deficiencies. When the petitions were filed, the Dalys resided in South Carolina.

We have jurisdiction under section 6214(a).



The IRS has conceded the penalties. We sustain the deficiencies.

As an initial matter, we discuss the adjustments to the Dalys' income made by the notice̲s of deficiency. *RTM*

On their 2016 federal income tax return, the Dalys reported wages of $43,200 and did not report any other income. The $43,200 of wages consisted of retirement distributions from Mr. Daly's police retirement fund. The 2016 notice of deficiency determined that the Dalys failed to report $611 of distributions from the police retirement fund and that therefore the Dalys' income from that source was $43,811. The notice of deficiency also determined that the Dalys failed to report $3,824 of wages from Florence-Darlington Tech, $14,449 of wages from The Citadel, $10,763 of wages from Trident Technical College, and $6,459 of wages from Harris Teeter.

As a consequence of the April 14, 2021 Order of *RTM* the Court deeming established the facts in a proposed stipulation, it has been established that the Dalys received income from the aforementioned sources in the amounts determined in the notice of deficiency. Thus, the determinations made by the 2016 notice of deficiency of unreported income are correct.

On their 2017 return, the Dalys reported wages of $43,400 and did not report any other income. The

$43,400 of wages consisted of retirement distributions from the police retirement fund. The notice of deficiency determined that the Dalys had failed to report $11,472 of wages from Florence-Darlington Tech, $14,374 of wages from The Citadel, $7,520 of wages from Trident Technical College, $2,935 of wages from Wal-Mart, and $7,843 of wages from Harris Teeter. It has been deemed established as a consequence of the April 14, 2021 order that the *RTM* Dalys received income from the aforementioned sources in the amounts determined in the notice of deficiency. Thus, the determinations made by the 2017 notice of deficiency of unreported income are correct.

All sources of income of the Dalys for 2016 and 2017 were earned by Mr. Daly except the Harris Teeter wages, which were earned by Mrs. Daly.

At trial the Dalys made five challenges to the determinations in the notices of deficiency.

First, the Dalys argue that the notices of deficiency erred by disallowing their additional child tax credits.

Section 24(a) allows a $1,000 child tax credit with respect to each qualifying child of the taxpayer. The total credits allowed under section 24(a), however, cannot be more than the taxpayer's tax liability. § 26(a). A portion of the credits disallowed because they

exceeded the taxpayer's tax liability are to be refunded to the taxpayer under section 24(d). The refundable amount under section 24(d) is referred to as an additional child tax credit.

For 2016, the Dalys reported that they owed tax of $226. They claimed a $226 child tax credit and an additional child tax credit of $2,774. The adjustments in the notice of deficiency resulted in an increase in the tax liability of the Dalys above $3,000. As a result, the notice of deficiency disallowed the $2,774 additional child tax credit and increased the child tax credit by the same amount, $2,774.

In summary, the notice of deficiency allowed $3,000 for the total of both the child tax credit and the additional child tax credit, which is the total amount the Dalys claimed for both credits.

For 2017, the Dalys reported they owed tax of $236. They claimed a child tax credit of $236 and an additional child tax credit of $2,764. The 2017 notice of deficiency, because of adjustments resulting in an increase in the 2017 tax liability, disallowed the additional child tax credit and increased the child tax credit by the amount of the disallowance. Thus, for 2017 as for 2016, the disallowance of the additional child tax credit was required by the Internal Revenue Code and did

not reduce the total of the child tax credit and additional child tax credit afforded the Dalys.

*RTM*

We sustain the disallowance of the additional child tax credit for both years.

Second, the Dalys argue that the notices of deficiency erred in determining the amounts of federal income taxes withheld from Mrs. Daly's wages from Harris Teeter.

Section 31(a) provides that there is a credit against a taxpayer's federal income tax liability for federal income taxes withheld from the taxpayer's wages.

On their 2016 and 2017 returns, the Dalys did not report that any federal income taxes were withheld from Mrs. Daly's wages. The notice of deficiency for 2016 determined that the Dalys were entitled to a $178 credit for withholdings from wages paid by Harris Teeter. The notice of deficiency for 2017 determined that the Dalys were entitled to a $102 credit for withholdings from wages paid by Harris Teeter. At trial the Dalys presented no evidence that the credits determined by the notices of deficiency were incorrect.

We sustain the determinations with respect to the withholding credits.

Third, the Dalys contend that there should be deducted from their incomes for 2016 and 2017 the amounts

of Mrs. Daly's contributions to the Harris Teeter section 401(k) program for each year.

Contributions by an employee to a section 401(k) plan are not deductible. The tax benefit for such contributions is that *RTM* wages are not included in the employee's income to the extent of the amounts withheld from the wages to make employee contributions to a section 401(k) plan. § 402(e)(3); Treas. Reg. § 1.401(k)- 1(a)(4)(iii). When an employer reports an employee's wage income to the IRS on a Form W-2, the employer is to reduce the reported wage income by the amounts withheld from wages as employee contributions to section 401(k) plans. There is no proof that Harris Teeter did not follow this procedure. Thus, we conclude that the amounts reported to the IRS as payments of wages by Harris Teeter, and thus the amounts determined by the IRS to constitute Mrs. Daly's wage income from Harris Teeter, did not include Mrs. Daly's contributions to her section 401(k). This was proper. Thus, the notices of deficiency were correct in how Mrs. Daly's contributions to her section 401(k) program were treated.

Fourth *RTM*, the Dalys contend that they are entitled to a deduction for Mr. Daly's travel to Florence, South Carolina, to teach at Florence-Darlington Tech.

During 2016 and 2017, Mr. Daly worked as an adjunct professor of political science at Florence-Darlington Tech. To teach there, Mr. Daly made various trips from the Dalys' home in the Charleston area. The Dalys seek to compute the deduction by multiplying the miles Mr. Daly traveled to Florence each year by a mileage allowance. However, Mr. Daly's testimony gives us only a vague idea of how many days in each year he taught at Florence-Darlington Tech.

Section 162(a) allows a deduction for the expenses of carrying on a business, including travel away from home. Even if Mr. Daly were entitled to deduct his mileage for his trips to Florence under section 162(a), section 274(d) imposes an additional limitation. Section 274(d) imposes what are called strict substantiation requirements for deductions claimed for expenses of travel away from home and for listed property. Under section 274(d), no such deduction is allowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statements as to the amount, time and place, and business purpose for each expenditure. For travel away from home, Temporary Treasury Regulation § 1.274-5T(b)(2) subdivision (ii) defines the term "time" as "[d]ates of departure and return for each trip away from home, and number of days

away from home spent on business," and subdivision (iii) defines the term "place" as "[d]estinations or locality of travel, described by name of city or town or other similar designation." The Dalys must therefore substantiate through records, or through evidence other than Mr. Daly's testimony, the dates of Mr. Daly's travel to Florence. There is no evidence about these trips other than Mr. Daly's testimony. Therefore, no deduction is allowable.

Alternatively, the Dalys argue that because the trips to Florence were taken in a rental car, and because they paid $800 per month to rent the car, they should be allowed a deduction of the rental cost of the car, or some fraction of that rental cost. But, as we have explained, the cost of travel must be strictly substantiated, and the Dalys have failed to meet these requirements. Furthermore, for listed property, such as an automobile, the strict-substantiation requirements require the taxpayer to establish the amount of business use "based on the appropriate measure (i.e., mileage for automobiles . . .), and the total use of the listed property for the taxable period." *Id*. subpara. (6)(i)(B). Thus, to deduct the cost of renting the car, the Dalys are required to substantiate through records, or through evidence other than Mr. Daly's testimony, the number of miles the car was used for business (i.e., for Mr. Daly's

trips to Florence-Darlington Tech), as well as the total use of the rental car (i.e., for these trips and for personal use). Again, there is no evidence about these trips other than Mr. Daly's testimony. Thus, the Dalys have failed to strictly substantiate the business and personal use of the car. Furthermore, no evidence other than Mr. Daly's testimony was adduced about the cost of the rental vehicle, which in this situation is the "amount" of the expense to be claimed as a deduction, and therefore, which also must be strictly substantiated. For these reasons, no deduction is allowable corresponding to any fraction of the alleged $800 per month cost of the rental vehicle.

We conclude that no deduction is allowed for the cost of Mr. Daly's travel to Florence-Darlington Tech.

Fifth, the Dalys contend that they are entitled to a federal income tax deduction for state income taxes withheld from Mrs. Daly's wages.

Section 164(a) allows a deduction for state income taxes. However, the Dalys provided no proof of the amounts of state income taxes withheld from Mrs. Daly's salary.

Therefore, they have not proven they are entitled to a deduction for state income taxes.

Even had they proven an entitlement to a



(973) 406-2250 | operations@escribers.net | www.escribers.net

deduction for state income taxes, such a deduction would have no computational effect on their income because it would be their only itemized deduction. Itemized deductions are of no use to a taxpayer unless they exceed the standard deduction. The Dalys claimed a standard deduction of $12,600 in 2016 and a standard deduction of $12,700 in 2017.

No deduction is allowable for the amounts of state income taxes withheld from Mrs. Daly's wages.

A decision will be entered sustaining the deficiencies determined by respondent and determining the petitioners are not liable for the section 6662 penalties. This concludes the Court's oral findings of fact and opinion.

(Whereupon, at 1:15 p.m., the above-entitled matter was concluded.)

CERTIFICATE OF TRANSCRIBER AND PROOFREADER

CASE NAME:    Damian Peter Daly & Jeanne Daly Et al v.

Commissioner

DOCKET NO.:   23070-19S, 7787-20S

We, the undersigned, do hereby certify that the foregoing pages, numbers 1 through 13 inclusive, are the true, accurate and complete transcript prepared from the verbal recording made by electronic recording by Meribeth Ashley on May 19, 2022 before the United States Tax Court at its remote session in Los Angeles, CA, in accordance with the applicable provisions of the current verbatim reporting contract of the Court and have verified the accuracy of the transcript by comparing the typewritten transcript against the verbal recording.

_____

Meribeth Ashley, CET-507                      6/6/22

Transcriber                                   Date

_____

Lori Rahtes, CDLT-108                         6/6/22

Proofreader                                   Date



(973) 406-2250 | operations@escribers.net | www.escribers.net